# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH ERBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:18-CV-03153-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Joseph Erbe ("Plaintiff") petitions for judicial review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434 and 1381-1383f. The Administrative Law Judge ("ALJ") found Plaintiff's allegations of disabling symptoms were not supported by the medical record and determined Plaintiff retained the residual functional capacity ("RFC") to perform other work as a battery assembler or production assembler.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on December 26, 2014, alleging a disability onset date of August 2, 2011. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on July 14, 2017, found Plaintiff was

not disabled. The Appeals Council denied Plaintiff's request for a review on May 14, 2018. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1382(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

2

Plaintiff argues that the ALJ erred by (1) giving no weight to the opinion of Sheetal Dhoke, M.D., a psychiatrist who treated Plaintiff three times and (2) failing to adopt the opinion of Michael Wuebker, Ph.D., a consultative examiner, that Plaintiff would have difficulties responding to work setting pressures. After reviewing the record and the applicable law, the Court finds substantial evidence supports the ALJ's decision.

## I. The ALJ did not err by assigning no weight to Dr. Dhoke's opinion.

Dr. Dhoke opined Plaintiff had moderate or marked limitations in all areas of mental functioning, would be absent from work more than three times a month, and was unemployable. R. at 1169-70. Plaintiff argues that Dr. Dhoke's opinion is entitled to great weight because the ALJ did not give good reasons for disregarding her opinion.

A treating physician is a doctor with whom the patient "'has, or has had, an ongoing treatment relationship.'" *Walker v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 550, 553 (8th Cir. 2018) (*quoting* 20 C.F.R. §§ 404.1502, 416.902 (2015)). "Opinions by treating physicians receive controlling weight if they are well-supported by the medical evidence and are 'not inconsistent with the other substantial evidence in [the] case record.'" *Id.* (*quoting* 20 C.F.R. §§ 404.1527(c)(2), 416.927 (2015)). "Whether the ALJ gives the opinion of a treating physician great or little weight, the ALJ must give good reasons for doing so." *Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016). "Such reasons include internal inconsistency or that other physicians' opinions have better evidentiary support." *Walker*, 911 F.3d at 553 (*citing Reece*, 834 F.3d at 909). "This requires the ALJ to explain in his written decision, with some specificity, why he has rejected the treating physician's opinion." *Id.*

The ALJ assigned Dr. Dhoke's opinion no weight because he found the "extreme limitations" Dr. Dhoke recommended were inconsistent with the medical evidence of record and

3

with Dr. Dhoke's own medical findings. R. at 26. These are good reasons for disregarding a treating physician's opinion.

To the extent Dr. Dhoke's treatment notes reflect Plaintiff's mental limitations, they are inconsistent with the social limitations found in Dr. Dhoke's opinion. For example, Plaintiff's medical records from his first visit with Dr. Dhoke indicate that though his affect was congruent, he was cooperative, had clear speech, no delusions, no hallucinations, fair to poor insight and judgment, and a logical thought process. R. at 1160-61. Dr. Dhoke did not document Plaintiff's mental status examination at his second appointment, except to note that he was not having suicidal ideations. R. at 1145-50. At Plaintiff's last visit with Dr. Dhoke, Plaintiff's affect was again congruent, but he was cooperative and oriented, with clear speech, a logical thought process, unremarkable thought content, fair insight and judgment, and no suicidal ideations. R. at 1152. These relatively normal mental status findings are inconsistent with Dr. Dhoke's findings of extreme social limitations.

The ALJ also gave Dr. Dhoke's opinion no weight because it was inconsistent with other medical evidence in the record. Although Plaintiff complains that each mental status examination represents only a snapshot in time, most of the examinations in the record are inconsistent with Dr. Dhoke's finding of extreme social limitations. Plaintiff's recovery coach noted that Plaintiff was cooperative and had a logical thought process, no hallucinations or delusions, and a full affect. R. at 825. A few days later, Plaintiff again was cooperative, had a logical thought process, no hallucinations or delusions, and indicated he was staying positive. R. at 831. Similar findings are noted throughout the record, both before and after Dr. Dhoke rendered her opinion. R. at 469-70, 475-76, 494-95, 554-55, 819-20, 822-23, 963-64, 966-67, 1014-15, 1676-77. And Plaintiff also

appeared to be pleasant and in a normal mood on numerous occasions with other providers. R. at 520, 708, 1173, 1361.

Further, Dr. Dhoke's opinion consisted of only a checklist form, which cites no medical evidence and provides no elaboration. R. at 1169-70. It is well-established that an opinion rendered in a checklist format is of limited value. *See Papesh v. Colvin*, 786 F.3d 1126, 1134 (8th Cir. 2015) (noting that an opinion given in a checklist format is of limited evidentiary value). Indeed, "'[a] treating physician's opinion deserves no greater respect than any other physician's opinion when [it] consists of nothing more than vague, conclusory statements.'" *Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014) (*quoting Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)).

Dr. Dhoke also did not address the impact of Plaintiff's drug use on his social limitations. In response to a question about the impact Plaintiff's drug use had on her opinion, Dr. Dhoke wrote "moderate hx."[2] R. at 1170. While this answer acknowledges Plaintiff's long history of substance abuse, it does not address the effect Plaintiff's drug use had on Plaintiff's social limitations. And although Dr. Dhoke indicated Plaintiff could "voluntarily control" his substance abuse, that too does not address what effect, if any, his substance abuse had on Dr. Dhoke's findings of extreme social limitations. The ALJ did not err in finding this was an additional reason, among many others, to afford her opinion no weight.

Finally, the ALJ also discounted Dr. Dhoke's opinion because it conflicted with the opinions of the state agency psychological consultants. Plaintiff alleges the ALJ failed to explain why he accorded greater weight to their opinions than Dr. Dhoke's opinion, but the ALJ credited their opinions over Dr. Dhoke's because they were more consistent with Plaintiff's longitudinal

---

[2] In the medical profession, "hx" means history.

5

record.[3]  R. at 24, 26.  Although the consultants' opinions conflict with Dr. Dhoke's, the ALJ was in the best position to resolve any such discrepancies.  *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008).

Because the ALJ outlined good reasons for assigning Dr. Dhoke's opinion no weight, the ALJ's decision is supported by substantial evidence.

## II. The ALJ properly evaluated Dr. Wuebker's opinion.

Plaintiff does not dispute the weight assigned to Dr. Wuebker's opinion but rather maintains that the ALJ erred in not adopting Dr. Wuebker's opinion that Plaintiff "would likely have difficulty responding appropriately [to] work setting pressures."  R. at 1420.

This Court has recently rejected Plaintiff's argument, finding that when a consultative examiner's opinion is given only partial weight, the ALJ need not explain why he or she rejected certain portions of the opinion in the RFC.  *See Juitt v. Berryhill*, No. 4:17-CV-00977-DGK-SSA, 2018 WL 4027045, at *2 (W.D. Mo. Aug. 23, 2018) (refusing to remand where ALJ gave partial weight to consultative examiner's opinion but failed to explain why it rejected a portion of the opinion).  Plaintiff cites several cases in support of his argument, but each case holds that an ALJ's decision is deficient when it fails to explain why certain portions of an examiner's opinion given *significant* weight were not adopted.  *See, e.g., Gann v. Berryhill*, 864 F.3d 947, 952-53 (8th Cir. 2017) (remand required where ALJ failed to explain why portions of an examiner's opinion given significant weight were not adopted); *Hickman v. Berryhill,* No. 3:11-CV-05007-DGK-SSA, 2018 WL 3589072, at *3 (W.D. Mo. July 26, 2018) (remand required when ALJ afforded great weight to medical opinion but failed to incorporate one of the limitations into the RFC or explain the omission); *Morris v. Berryhill*, No. 3:17-CV-05037-DGK-SSA, 2018 WL 3572528, at *3 (W.D.

---

[3] The Court notes that the ALJ only gave "some" weight to the opinions of the state agency consultants.  R. at 24.

6

Mo. July 25, 2018) (remanding where ALJ "adopted" consultative examiner's opinion but failed to include all limitations in the RFC or explain the omission).

Plaintiff does not cite, and the Court cannot find, any binding authority which holds that a district court must remand when an ALJ rejects portions of a consultative examiner's opinion given only partial weight without explaining the omission. Thus, even if the ALJ failed to incorporate workplace pressures into the RFC, the ALJ was not required to explain the omission because the consultative examiner's opinion was given only partial weight.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   April 17, 2019              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT